UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY THOMPSON, an individual,

        Plaintiff,

  v.                                    Case No. 1:24-CV-

                                          Hon.

MEDALLION MANAGEMENT, INC., a corporation,

        Defendant.

| | |
|---|---|
| William F. Piper (P38636)<br>William F. Piper, P.L.C.<br>**Attorney for Plaintiff**<br>1611 West Centre Avenue, Suite 209<br>Portage, MI 49024<br>Phone: 269.321.5008<br>Fax: 269.321.5009<br>Email: wpiper@wpiperlaw.com | |

## COMPLAINT

The plaintiff Brittany Thompson, by and through her attorney William F. Piper, PLC., for her complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. The plaintiff Brittany Thompson is a white woman with a record of a disability of drug addiction who resided in the Village of Gobles, County of Van Buren, State of Michigan, at all times relevant to this complaint, and she currently resides there.

2. The defendant Medallion Management is a corporation is the owner and manager of Westfield Apartments in the Village of Mattawan, County of Van Buren, at all times relevant to this complaint.

3. The plaintiff is an aggrieved person as defined by 42 U.S.C. § 3607, because the defendant has denied and imposed restrictions on her renting of an apartment from it based on her record of having the disability of drug addiction.

4. This action is brought under the Fair Housing Act, which is Title VIII of the Civil Rights Act of 1978, as amended by the Fair Housing Act of 1988, 42 U.S.C. § 3601 et. seq.

5. This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1345, 42 U.S.C. § 3601, and 42 U.S.C. 3613, and it has authority to grant declaratory and injunctive relief under Fed. R. Civ P 57, 28 U.S.C. 2201, and 28 U.S.C. § 2202.

6. Certain claims in this lawsuit are brought under this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences of the federal law claim.

## **COMMON ALLEGATIONS**

7. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 6 of this complaint.

8. The defendant, in April and May of 2022, at least, had a policy of automatically rejecting applicants for tenancies who have felony convictions, which violated H.U.D. guidance, which is consistent with federal law, which requires an individualized assessment, for persons with felony convictions, regarding their qualifications for a tenancy.

9. In April 2022 the plaintiff had a felony conviction from 2017 for a drug possession related offense.

10. In March or April 2022 the plaintiff applied for a tenancy with the defendant at Westfield Apartments.

11. The defendant learned in the application process that Ms. Thompson had a felony drug conviction.

12. Rather than performing an individualized assessment of Ms. Thompson's qualifications for a tenancy, including considering that her former drug addiction is resolved and not current, Ms. Thompson's rehabilitation, and steady employment, the defendant told Ms. Thompson in late April 2022 that it was denying her a tenancy because of its policy of denying anyone who had a felony conviction.

13. This automatic denial of Ms. Thompson for a tenancy because of her past felony drug conviction discriminated against her because of her record of having a disability, because she had been rehabilitated.

14. Ms. Thompson then appealed the denial.

15. In around mid May the plaintiff received a letter from the defendant upholding the denial.

16. Ms. Thompson questioned the decision to uphold the denial, and a woman employed by the defendant told her it was because of company policy of not accepting anyone with a felony conviction.

17. As a result of the conduct set forth above, Ms. Thompson was denied a housing opportunity, may have suffered a loss of financial resources, suffered an exacerbation of her ADHD symptoms, suffered emotional distress and a loss of enjoyment of life.

18. The defendant continues, upon information and belief, using a no felony policy to exclude potential tenants which has dissuaded Ms. Thompson from applying for a tenancy with the defendant at again Westfield Apartments

.

## COUNT I – VIOLATIONS OF THE FAIR HOUSING ACT

19. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 18 of this complaint.

20. The defendant discriminated against and retaliated against Ms. Thompson because of her record of having a disability of drug addiction, and it failed to accommodate it.

21. The defendant also violated the law by communicating, upon information and belief, its discriminatory policy in writing to Ms. Thompson.

22. The conduct of the defendant set forth above violates 42 U.S.C. § 3604(f),(1),(2) and (3) and 42 USC § 3617.

23. As a result of the discrimination, retaliation and refusal to accommodate set forth above, the plaintiff has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment and order against the defendant declaring the defendant's unlawful conduct unlawful; enjoining further discriminatory and retaliatory conduct; awarding the plaintiff compensation for the damages and injuries she has suffered and will continue to suffer in the future; and awarding the plaintiff interest, costs, attorney's fees and any other relief this Court deems fair and just.

## COUNT II – PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

24. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 23 of this complaint.

25. The conduct of the defendant set forth above violates sections of the Person's with Disabilities Civil Rights Act, including MCL 37.1502 and MCL 37.1506 a(1)(b).

4

24. As a result of the discrimination set forth above, the plaintiff has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment and order against the defendant declaring the defendant's unlawful conduct unlawful; enjoining further discriminatory and retaliatory conduct; awarding the plaintiff compensation for the damages and injuries she has suffered and will continue to suffer in the future; and awarding the plaintiff interest, costs, attorney's fees and any other relief this Court deems fair and just.

Dated: May 3, 2024                              WILLIAM F. PIPER, PLC
                                                Attorney for Plaintiff

                                                By:     */s/ William F. Piper*
                                                        William F. Piper (P38636)
                                                BUSINESS ADDRESS:
                                                        1611 W. Centre Ave., Suite 209
                                                        Portage, MI 49024 (269) 321-5008